Burket, J.
Section 29265, as amended April 16, 1896, 92 O. L., 166, provides among other matters as follows: “In all such cities of the first and second class, except Mansfield and cities of the fourth grade in the first class, a ‘ board of elections,’to consist of four electors of such city, of well known intelligence and integrity, two of whom *296 shall belong to each of the two leading political parties, shall be appointed by the mayor.” As this law excepts the city of Mansfield and the cities of the fourth grade in the first class from its operation, it is not of uniform operation throughout the state, and therefore is in conflict with section 26 of article 2 of the constitution, the subject of elections being one of a general nature.
It is urged, however, that if this exception makes the act unconstitutional, the exception should be disregarded, and the act held valid as operating uniformly throughout the state. The answer to this is that the court has no law-making power, and cannot extend a statute over territory from which it is excluded by the general assembly. A court can hold a whole act unconstitutional because it is not broad enough, that is, because it is not of uniform operation throughout the state; but it cannot extend an act which is too narrow, so as to take in territory which was left out by the general assembly. In the case of an exception, the general assembly never-enacted the statute in the excepted territory, and the court has no power to enact it therein.
There is a difference between an exception and a limitation. When a statute upon a subject of a general nature is made to extend to the whole state in one part thereof, and then in another part an attempt is made to limit its operation to territory less than the state, the limitation may be disregarded; because to-give it effect would render the whole statute unconstitutional; and such construction should be given when reasonable, as will uphold the statute rather than one which would defeat it. Burt v. Rattle, 31 Ohio St., 116.
As this section, 2926b, as passed April 16, 1896, is unconstitutional and inoperative, the repealing- *297 section of the act is also inoperative. State ex rel. v. Heffner, 59 Ohio St., 368; State ex rel. v. Smith, 48 Ohio St., 211, 219.
This leaves section 29266 of the act of April 28, 1890, 87 O. L., 359, in full force. It is urged that that section is also unconstitutional, for the reason that in one sense it operates only in cities, and not in those parts of the state lying outside of such cities. As in shown in Nelson v. State, 52 Ohio St., 88, the act operates, in theory at least, all over the state, because wherever a city may be built up, there the act will be found to be in full force and applicable to such city.
The validity of the section can only be maintained on the doctrine of the classification of cities, and there are some difficulties in the way of so maintaining it. But in view of the condition of the election statutes, and the necessity of more stringent means to prevent fraud, and secure fair elections in cities, and the fact that for more than forty years elections in cities have been conducted differently from those in rural districts, the one employing members of the council, and the other township trustees, we are constrained to hold the act of 1890 with its classification applicable to cities, as a valid enactment.
But | while such classification when applied to cities may be thus upheld, there is no authority for the classification of counties as to elections. As to subjects of a general nature, laws must have uniform operation, and they cannot be made to operate in some counties and be .excluded from others. State v. Bargus, 53 Ohio St., 94; Hixson v. Burson, 54 Ohio St., 470; Mott v. Hubbard, 59 Ohio St., 199; Kelley v. State, 6 Ohio St., 269.
*298 It is urged, that as a board of education in a ■city may exercise its powers and perform its duties in territory outside of the city which is attached to the city district for school purposes, the city board of elections should in like manner be permitted to exercise its powers in territory outside of the city. The two eases are not parallel. The limits of the city and of the school district are not necessarily the same, and in fact usually are different. But the board of education is always confined in the exercise of its powers and performance of its duties to the school district, and it does not go outside-of the district and assume jurisdiction in outside territory. The statute, 93 O. L., 367, which provides that the. outlying election precincts shall be held and deemed as election precincts of the city, does not have the effect of bringing such outlying precincts within the city limits, and cannot make them a part of the city; while in school matters, the annexed territory becomes a part of the school district, and^ is embraced within its limits.
It therefore follows that the holding of the circuit court was right, and that while the city boards of'election may exercise their powers and perform their duties within the city limits, they have no jurisdiction in the territory outside of the city; and that it is the duty of the state supervisor of elections to appoint deputy state supervisors under the statute, for such territory in each county of the state containing a city, to conduct all elections under the laws applicable to such deputy state supervisors.
The petition is against the defendants individually, and avers that under the claim that they constitute the board of elections of the city of *299 Cleveland, they are usurping and intruding into the office of appointing registrars, judges, clerks, and other officers and agents of elections. But while the answer avers that boards of election have existed in the city of Cleveland since March, 1891, and that the predecessors of the defendants composed the board, it avers that said defendants, Edward Etzensperger and Edward C. Kinney, were appointed to their present term of office on the third day of June, 1896, and that the defendants, Hugh Bmckley and Charles P. Salen, were appointed to their present term of office on the sixth day of June, 1898. It thus appears that neither one of the defendants has been in his present office for the term of^three years, and that section 6789, Revised Statutes, can afford them no shield as against an action of quo warranto, unless one term of office can be tacked upon another, so that the line of different men holding a certain office under a statute, constitute but one officer for that office for the whole time. Such a proposition is not tenable, and is absurd upon its face.
A person holds an office and is an officer under and by virtue of his election or appointment and the commission he holds, and the officer did not become such earlier than' his- induction into office under his present commission. The statute of limitations says that an action shall not be brought against an officer to oust him from his office, unless within the three years after the cause of such ouster or the right to hold office, arose. “His office” means his present office under his present commission, and not an old expired term in the same office under a former election or appointment. He could not be ousted from such former term of office, because the term has expired and he *300 is not now in office under that term, and is not now an officer under that term. If it were otherwise the statute of limitations would run, not in favor of the officer, but in favor of the office, and after three years the constitutionality of the statute creating an office could not be questioned. The right of the people to protect themselves against unconstitutional laws.would thus become barred within three years after the passage of an act creating an office.
The statute of limitations in question applies expressly to the officer and not to the office, and when the office is in conflict with the constitution this statute does not prevent the court from so declaring.
It is urged that while the members of the board have not been in office under their present terms for three years that the same board of elections has been in existence more than three years, and that therefore the board cannot be ousted. This is not sound, for the reason that the statute is by its express terms for the protection only of officers, and says nothing about the ouster of ’ the board of election or other boards. The board of elections is not an officer, but the men composing the board are the officers.
The demurrer to the second defense was therefore properly sustained.

Judgment affirmed.